# RICHARDS,
*Respondent,*

*v.*

# ROBERTS et al,
*Appellants.*

## (82-11-226; CA A35418)

732 P2d 86

Magar E. Magar, Portland, argued the cause and filed the briefs for appellants.

David L. Blount, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff[1] brought this action seeking a declaratory judgment that he has legal title to a 9.92 acre parcel of property in Clackamas County. The trial court found for plaintiff, and we affirm.

Joseph Matt was the stepfather of defendant William Roberts, who was married to defendant Mary Lue Roberts until 1980. In 1965, Matt and defendants purchased approximately 20 acres on a land sale contract from the Barrs. In November, 1971, the Barrs executed a warranty deed in favor of Matt for the area in dispute, which was part of the original tract. The deed was not recorded. At the same time, Matt instructed an attorney to prepare a quitclaim deed from defendants to Matt for the disputed area. In December, 1971, the attorney wrote Matt that defendants had refused to transfer the property to him. In January, 1972, the Barrs executed a second warranty deed for the same 9.92 acres to "Joseph C. Matt, a single person, and William K. Roberts and Mary Lue Roberts, husband and wife." That deed was recorded.

In October, 1972, Matt and defendants sold 3.42 acres of the original 20 acres to a third party. In January, 1973, Matt quitclaimed his interest in the remaining 6.67 acre parcel to defendants. The deed recites that "the actual consideration [for the transfer] consists of or includes other property or value given or promised which is the whole consideration * * *."

The parties' explanations of the events just described vary substantially. Defendants' position at trial was that Matt had never had any interest in the property. William claimed that the signature on the 1965 sale contract was not Matt's signature[2] and that Matt's name was on the contract only to avoid legal problems for defendants' children if defendants were to die. Money that Matt gave to defendants was explained either as "gifts" or payment for room, board and care for the time when he lived with defendants.

---

[1] Matt began this action before his death in 1983. The personal representative was afterwards substituted as plaintiff.

[2] Defendant William testified that Matt was in California and therefore could not have signed the contract.

Plaintiff asserts that Matt was a party to the original land sale contract, that he contributed substantial sums of money toward the purchase of the property and that in recognition of that defendants agreed to convey to him their interest in the disputed parcel. The evidence shows that in November, 1964, Matt gave William two checks totaling $1,500, which William later characterized as Matt's "investment" in the property. The down payment on the property, purchased in April, 1965, was $2,000. In August, 1970, payments on the contract were $4,800 in arrears. Matt gave William a check for $4,000, which was applied to the amount due. In 1971, Matt paid back taxes of $932. In addition, the November, 1971, unrecorded deed from the Barrs to Matt states as consideration for the conveyance $6,500. Matt had by that time paid $6,432 toward the property.

The trial court found plaintiff's version of the facts to be more credible. We concur in that finding. We conclude that granting plaintiff legal title to the 9.92 acres equitably recognizes Matt's investment and his release of his interest in the other property. The remedy fashioned by the trial court is appropriate under the circumstances. *See Stan Wiley v. Berg,* 282 Or 9, 21, 578 P2d 384 (1978).[3]

Affirmed.

---

[3] Defendants also argue that they are entitled to an award of $5,000, which represents the amount they paid in taxes on the disputed property. However, because defendants did not plead or raise a claim for money damages at trial, we cannot consider the issue on appeal.